Form G16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Peter N. Metrou, Trustee | **DEFENDANTS**<br>Panagiota Katralis |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ariane Holtschlag and Justin Storer, Law Office of William J. Factor, Ltd., 105 W. Madison, Suite 1500, Chicago, IL 60602, 312.373.7226 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ■ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Recovery of actual and constructive fraudulent transfer under 11 U.S.C. 548, 544, and 550. | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

1, 2

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
■ 12-Recovery of money/property - §547 preference
■ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Joanna Katralis | BANKRUPTCY CASE NO.<br>17-06721 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Hon. LaShonda Hunt | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ariane R. Holtschlag | | | |
| DATE<br>12/17/2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ariane R. Holtschlag | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Joanna Katralis,** | Bankruptcy No. 17-06721 |
| Debtors. | Honorable LaShonda A. Hunt |
| **Peter N. Metrou, Trustee** | |
| Plaintiff, | |
| v. | Adversary No. |
| **Panagiota Katralis,** | |
| Defendant. | |

## COMPLAINT

Peter N. Metrou, not individually but as the chapter 7 trustee (the "***Trustee***" or "***Plaintiff***") of the bankruptcy estate (the "***Estate***") of Joanna Katralis (the "***Debtor***"), brings this Complaint against Panagiota Katralis ("***Panagiota***" or, the **"*Defendant*"**), and states as follows:

### JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 7 bankruptcy case, pending before this Court as case number 17-06721 (the "***Case***").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(B), (E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon.

4. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, consent is given, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

### FACTS COMMON TO ALL COUNTS

6. On or about September 26, 2016, the Debtor received $50,000 (the "*Funds*").

7. On or about September 26, 2016, the Debtor transferred the Funds (the "*Transfer*") to Panagiota, who deposited the Funds into an account held at Chase Bank in Panagiota's own name, account x8183.

8. Panagiota is the Debtor's sister.

9. On March 6, 2017 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division commencing the Case.

10. Plaintiff is the duly appointed chapter 7 trustee of the Estate.

11. The Debtor did not disclose the Funds or the Transfer on her sworn bankruptcy schedules or statement of financial affairs. *See* Bk. Dkt. No. 1.

12. On or about April 6, 2017, the Trustee questioned the Debtor under oath regarding her assets at a meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code.

13. The Debtor did not disclose the Funds or the Transfer to the Trustee at the meeting of creditors.

14. On or about April 8, 2017, the Trustee filed his report of no distribution.

15. On June 6, 2017, the Case closed.

16. Thereafter, attorney Edmund G. Urban III received correspondence regarding undisclosed assets and transfers of the Debtor. That correspondence is attached as **Exhibit 1**.

17. On or about February 23, 2021, attorney Edmund G. Urban III provided that correspondence to the Trustee.

18. On or about February 24, 2021, the Trustee provided the correspondence to the Office of the United States Trustee who moved to reopen the Case.

19. On or about March 5, 2021, the Case was reopened by order of this Court.

20. On March 12, 2021, the Trustee filed a motion seeking authority under Rule 2004 to issue subpoenas to assist his investigation of the alleged undisclosed assets and transfers of the Debtor.

21. On or about March 19, 2021, the Trustee was granted authority to issue subpoenas under Rule 2004 by order of this Court.

22. Thereafter the Trustee issued subpoenas and otherwise investigated the undisclosed assets and transfers.

23. Based on that investigation, the Trustee now seeks to avoid the undisclosed Transfer of the undisclosed Funds and recover the value of the Transfer from its recipient, the Debtor's sister, Panagiota.

# COUNT 1 – AVOIDANCE OF ACTUAL FRAUDULENT TRANSFERS
# 11 U.S.C. § 548(a)(1)(A)

24. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

25. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

26. Section 548 of the Bankruptcy Code provides that "(1) [t]he trustee may avoid any transfer…of an interest of the debtor in property, that was made…within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(A) made such transfer…with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made…." 11 U.S.C. § 548(a)(1)(A).

27. The Transfer occurred on September 26, 2016, within two (2) years of the filing of the Debtor's petition on March 6, 2017.

28. The Transfer constitutes a transfer of an interest in the Debtor's property, the Funds, to her sister, Panagiota.

29. The Debtor made the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

30. When the Debtor made the Transfer, she was insolvent or became insolvent as a result of the Transfer.

31. At the time of the Transfer, the Debtor had assets of approximately $18,000 and liabilities of approximately $65,000.

32. The Debtor received no consideration in exchange for making the Transfers.

33. The Debtor did not disclose the Funds or the Transfer on her bankruptcy schedules.

34. At the time of the Transfer, the Debtor was attempting to evade obligations to one or more creditors.

35. On or about July 8, 2014, Piotr Nieznanski filed a complaint against the Debtor in the Circuit Court of Will County to commence case number 2014L000517. On or about October 31, 2016, the Court entered judgment on the arbitration award in favor of Nieznanski and against the Debtor in the amount of $31,491.81 plus costs.

**Wherefore**, the Trustee respectfully requests a judgment against Panagiota Katralis and in favor of the Trustee avoiding the transfers, and for such other relief as this Court may deem appropriate.

## COUNT 2 – AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS
## 11 U.S.C. § 548(a)(1)(B)

36. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

37. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

38. Section 548(a)(1)(B) of the Bankruptcy Code, provides that: "(1) [t]he trustee may avoid any transfer…of an interest of the debtor in property, that was made…within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(B)(i) received less than a reasonably equivalent value in exchange for such transfer…; and (ii)(I) was insolvent on the date that such transfer was made…or became insolvent as a result of such transfer…." 11 U.S.C. § 548(a)(1)(B).

39. The Transfer occurred on September 26, 2016, within two (2) years of the filing of the Debtor's petition on March 6, 2017.

40. The Transfer constitutes a transfer of an interest in the Debtor's property, the Funds, to her sister, Panagiota.

41. The Debtor received no consideration in exchange for making the Transfers.

42. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

43. When the Debtor made the Transfer, she was insolvent or became insolvent as a result of the Transfer.

44. At the time of the Transfer, the Debtor had assets of approximately $18,000 and liabilities of approximately $65,000.

**Wherefore**, the Trustee respectfully requests a judgment against Panagiota Katralis and in favor of the Trustee avoiding the transfers, and for such other relief as this Court may deem appropriate.

### COUNT 3 – AVOIDANCE OF PREFERENTIAL PAYMENTS
### 11 U.S.C. § 547(b)

45. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

46. This Count is pled in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

47. Section 547 of the Bankruptcy Code provides that, subject to exceptions inapplicable herein, "the trustee may… avoid any transfer of an interest of the debtor in property… to or for the benefit of a creditor… for or on account of an antecedent debt owed by the debtor before such transfer was made; made while the debtor was insolvent; made on or within 90 days before the date of filing the petition; or [made] between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7; the transfer had not been made; and such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

48. Prior to the Petition Date, Panagiota advanced money to the Debtor.

49. On or about September 26, 2016, Panagiota deposited $50,000 of the Debtor's Funds into her own account, account x8183, held at Chase Bank.

50. On or about September 30, 2016, Panagiota withdrew $7,000 from her account x8183 with Chase Bank for her own use.

51. On or about February 24, 2016, Panagiota withdrew $7,000 from her account x8183 with Chase Bank for her own use.

52. These transfers constitute a transfer of an interest in the Debtor's property, all or part of the Funds, to her sister, Panagiota.

53. At the time of the transfers, Panagiota had a right to payment on account of an obligation owed to Panagiota by the Debtor.

54. The Debtor made the transfers to Panagiota on account of an antecedent debt owed by the Debtor to Panagiota before the transfers were made.

55. The transfers enabled Panagiota to receive more than she would have received if the Case were a case under chapter 7 of the Bankruptcy Code, such transfers had not been made, and had Panagiota received payment of the subject debt to the extent provided by the provisions of the Bankruptcy Code.

**Wherefore**, the Trustee respectfully requests a judgment against Panagiota Katralis and in favor of the Trustee avoiding the transfers, and for such other relief as this Court may deem appropriate.

## COUNT 4 – RECOVERY OF AVOIDED TRANSFERS
## 11 U.S.C. § 550

56. The Trustee incorporates all other allegations of the Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

57. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

58. Section 550 of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section 544 … 547, [or] 548 … the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from … the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

59. Panagiota was the initial transferee of the transfer(s).

60. The transfers are avoidable under Section 547 and/or 548 of the Bankruptcy Code as set forth above.

61. The Trustee is entitled to recover the property transferred or the value of the avoided Transfer for the benefit of the Estate.

**Wherefore**, the Trustee respectfully requests a judgment against Panagiota Katralis and in favor of the Trustee in the amount of $50,000, and for such other relief as this Court may deem appropriate.

| | |
|---|---|
| Dated: December 17, 2021 | **Peter N. Metrou,** not individually but solely as the chapter 7 trustee of the bankruptcy estate of Joanna Katralis |
| | By: _/s/ Ariane Holtschlag_<br>One of his attorneys |

William J. Factor (6205675)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-4830
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
          aholtschlag@wfactorlaw.com